**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MARIO SANCHEZ,

        Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

**PARTIES**

7.      Plaintiff Mario Sanchez is a natural person.

8.    The Plaintiff resides in the City of Pueblo, County of Pueblo, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant Stellar Recovery, Inc. is a Florida corporation operating from an address at 1845 Highway 93 South, Suite 310, Kalispell, Montana, 59901.

12.   The Defendant's registered agent in the state of Colorado is Business Filings Incorporated, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18.    Sometime before 2010 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on personal account owed to Comcast (hereinafter the "Account").

19.    The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.    The Account went into default with Comcast.

21.    After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.    The Plaintiff disputes the Account.

23.    The Plaintiff requests that the Defendant cease all further communication on the Account.

24.    The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.    The Defendant acted at all times mentioned herein through its employee(s).

26.    In February 2011 the Plaintiff and one of the Defendant's female employees, "Rosie", had a telephone conversation while the Defendant was attempting to collect the Account from the Plaintiff.

27.    During the telephone call / conversation in February 2011 between the Defendant's female employee, Rosie, and the Plaintiff the Defendant's

female employee, Rosie, represented to the Plaintiff that the Defendant was collecting the Plaintiff's Comcast account and that the balance owed on the Comcast account was $276.43.

28.   During the telephone call / conversation in February 2011 between the Defendant's female employee, Rosie, and the Plaintiff the Defendant's female employee, Rosie, represented to the Plaintiff that the Account was on the Plaintiff's credit bureau reports, that the Account would stay on the credit bureau reports until paid off and that utility bills never fall off the Plaintiff's credit bureau reports.

29.   During the telephone call / conversation in February 2011 between the Plaintiff and the Defendant's female employee, Rosie, the Plaintiff disputed the Account.

30.   During the telephone call / conversation in February 2011 between the Plaintiff and the Defendant's female employee, Rosie, the Plaintiff stated: I'm disputing the debt.

31.   During the telephone call / conversation in February 2011 between the Defendant's female employee, Rosie, and the Plaintiff the Defendant's female employee, Rosie, stated: Ok.

32.   During the telephone call / conversation in February 2011 between the Plaintiff and the Defendant's female employee, Rosie, the Plaintiff stated: I'm disputing the debt.

33.   The Plaintiff disputed the Account with the Defendant in February 2011.

34.     The Defendant was aware that the Account was disputed in February 2011.

35.     Prior to March 2011 the Plaintiff disputed the Account with the Defendant.

36.     Prior to March 2011 the Defendant was aware that the Account was disputed.

37.     Prior to March 2011 the Defendant was informed that the Account was disputed.

38.     Prior to March 2011 the Defendant was aware that in February 2011 the Plaintiff disputed the Account.

39.     In March 2011 the Defendant communicated information regarding the Account to Equifax, a credit reporting agency.

40.     In March 2011 the Defendant communicated to Equifax that the Original Creditor on the Account was: COMCAST.

41.     In March 2011 the Defendant communicated to Equifax that the balance on the Account was $276.

42.     In March 2011 the Defendant failed to communicate to Equifax that the Account was disputed.

43.     In March 2011 the Defendant did not communicate to Equifax that the Account was disputed.

44.     Prior to March 2011 the Defendant did not communicate to Equifax that the Account was disputed.

45. As of April 27, 2011 the Defendant did not communicate to Equifax that the Account was disputed.

46. The Defendant's purpose for communicating the information on the Account to Equifax was to attempt to collect the Account.

47. The information communicated to Equifax by the Defendant in March 2011 on the Account conveyed information regarding the Account directly or indirectly to Equifax.

48. The information communicated to Equifax by the Defendant in March 2011 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

49. The only reason that the Defendant communicated the information regarding the Account in March 2011 to Equifax was to attempt to collect the Account.

50. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

51. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

52. Upon information and belief in 2011 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

53.   Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

54.   Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

55.   Upon information and belief in 2011 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

56.   Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

57.   Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

58.   Upon information and belief in 2011 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

59.   Upon information and belief the Defendant has notes and/or computer records in its possession, custody or control that reflect what information the Defendant sent to Equifax in March 2011 on the Account.

60.   Upon information and belief the Defendant has notes and/or computer records in its possession, custody or control that reflect what information the Defendant sent to Equifax prior to March 2011 on the Account.

61. Upon information and belief the Defendant has notes and/or computer records in its possession, custody or control that reflect what information the Defendant sent to Equifax after March 2011 on the Account.

62. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account made telephone call(s) to the Plaintiff and had telephone conversation(s) with the Plaintiff.

63. In the year prior to the filing of the instant action the Plaintiff called the Defendant regarding the Account.

64. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or employee(s) of the Defendant in the year prior to the filing of the instant action each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

65. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or employee(s) of the Defendant in the year prior to the filing of the instant action each individually constituted a "communication" as defined by FDCPA § 1692a(2).

66. The telephone call(s) / conversation(s) in February 2011 between the Plaintiff and the Defendant and / or employee(s) of the Defendant conveyed information regarding the Account directly or indirectly to the Plaintiff.

67. The telephone call(s) / conversation(s) in February 2011 between the Plaintiff and the Defendant and / or employee(s) of the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

68. On information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or employee(s) of the Defendant in February 2011.

69. On information and belief the Defendant has a copy or copies of the audio recording and/or audio recording(s) of the telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or employee(s) of the Defendant in February 2011.

70. On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

71. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

72. On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

73.    On information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

74.    On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

75.    The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

76.    The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

77.    As a consequence of the Defendant's action(s), the Plaintiff has sustained actual damages.

## COUNT I, FDCPA VIOLATION

78.    The previous paragraphs are incorporated into this Count as if set forth in full.

79.    The act(s) and statement(s) of the Defendant constitute a violation of the FDCPA, including but not limited to § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

80.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual

damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.   A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.   Actual damages under 15 U.S.C. § 1692k(a)(1).

3.   Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff